**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JARVIS MITCHELL,

                Petitioner,

vs.                                    Case No. 3:05-cv-1160-J-32MCR
                                                  3:03-cr-238-J-32MCR

UNITED STATES OF AMERICA,

                Respondent.

_____

**ORDER**[1]

     This case is before the Court on petitioner Jarvis Mitchell's <u>pro</u> <u>se</u> Motion to Vacate, Set Aside or Correct Sentence pursuant 28 U.S.C. § 2255 (Doc. 1)[2] and Motion for Evidentiary Hearing and Transcripts, pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings and 28 U.S.C. § 2250 (Doc. 2). The government filed a response (Doc. 10), and Mitchell filed a reply (Doc. 14). Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary to decide the instant petition.

_____

    [1]Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

    [2] Citations to Mitchell's criminal case file, 3:03-cr-238-J-32MCR, are denoted as "Crim. Doc. __." Citations to Mitchell's civil § 2255 case file, 3:05-cv-1160-J-32MCR, are denoted as "Doc. __."

## I.    BACKGROUND

On February 26, 2004, Mitchell and three co-defendants were named in a fifteen-count Second Superceding Indictment.  (Crim. Doc. 151).  Mitchell was charged in three counts for conspiracy to distribute 5 kilograms or more of cocaine, 50 grams or more of cocaine base, and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 846 ("Count One"), distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) ("Count Four"), and distribution of five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2 ("Count Five").  (Crim. Doc. 151).

On April 26, 2004, Mitchell, pursuant to a written plea agreement, pled guilty to Count One. (Crim. Doc. 211). On April 27, 2005, this Court sentenced Mitchell to 126 months' imprisonment.  (Crim. Doc. 311, Sentencing Transcript).  Under the United States Sentencing Guidelines, the Court ultimately found a total offense level of 30 and a criminal history category of III. (Crim. Doc. 311).  Because the offense involved 30,000 kilograms or more of marijuana, Mitchell's base offense level was 38.  See USSG § 2D1.1(c)(1).  The base level was increased two levels for possession of a firearm during the offense pursuant to USSG § 2D1.1(b)(1), and then reduced a total of three levels for acceptance of responsibility pursuant to USSG § 3E1.1(a) and (b), resulting in an offense level of 37.  To arrive at a level 30, the Court granted the government's motion for downward departure of seven levels under USSG § 5K1.1.

2

(Crim. Doc. 311).

Mitchell filed the instant § 2255 petition on November 11, 2005.  (Doc. 1).  Mitchell's petition contends that: (1) he received ineffective assistance of counsel; (2) his guilty plea was not knowingly and voluntarily entered into; and (3) the District Court violated his Sixth Amendment rights by adding a two-level enhancement for presence of a firearm during commission of the offense.  (Doc. 1).  Assuming *arguendo* that Mitchell did not waive his rights to appeal directly or collaterally in his plea agreement[3], Mitchell's § 2255 petition is due to be denied on the merits.

## II.    DISCUSSION

### A.    Ineffective Assistance of Counsel

In order to succeed on an ineffective assistance of counsel claim, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) the defendant was prejudiced by counsel's deficient performance.  Strickland v. Washington, 466 U.S. 668, 688, 692 (1984).

Mitchell's ineffective assistance claim is based on three allegations of misadvise.  First, Mitchell contends his counsel falsely informed him that he faced life imprisonment for the charges against him.  (Doc. 1).  Mitchell cites Varela v. United

_____

[3] Mitchell's plea agreement provides that Mitchell "expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground . . . except to an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines."  (Crim. Doc. 211 at 14).

<u>States</u>, 400 F. 3d 864 (11th Cir. 2005), for the proposition that he only "faced a maximum sentence of 20 years not the onerous life sentence he was informed of by counsel." (Doc. 1).  Varela was sentenced under 21 U.S.C. § 841(b)(1)(C), which called for a statutory **maximum** sentence of 20 years.[4]  Here, Mitchell was sentenced under 21 U.S.C. § 841(b)(1)(A), and thus faced a statutory  **minimum** mandatory of 20 years and up to life imprisonment. (Crim. Doc. 210 at 18-19, Change of Plea Transcript) (emphasis added).  Thus, <u>Varela</u> does not apply and counsel's advice regarding the possibility of facing a life sentence was not deficient; in fact, it was correct.

Second, Mitchell alleges that counsel rendered ineffective assistance in advising him that he would be characterized as a "career offender." (Doc. 1).  Under the <u>Strickland</u> analysis, "a court need not first determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." 466 U.S. at 670.  Mitchell's criminal convictions resulted in a criminal history score of 4, which correlates to a criminal history category of III.   (The Presentence Investigation Report ("PSI") at 15).  Mitchell's prior convictions were scored properly. He cannot complain that he did not qualify for the potentially more onerous career

---

[4] <u>Varela</u>, 400 F. 3d at 865 (emphasis added).

offender designation.

Third, Mitchell vaguely asserts that his counsel was ineffective for advising him to enter into the plea agreement and waive his right to appeal. (Doc. 1). The Strickland court explained that judicial scrutiny of counsel's performance must be highly deferential and a defendant must overcome the strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." 466 U.S. at 689. Mitchell has failed to plead any facts which show that counsel's actions were unreasonable or deficient in advising him to enter into the plea agreement. Rather, as a result of Mitchell's guilty plea, two substantive counts against him were dismissed (Crim. Doc. 311 at 37), the government agreed not to charge him with any other crimes relating to the offense (Crim. Doc. 211), and the Court granted the government's motions that amounted to a seven level downward departure, which allowed the Court to sentence Mitchell well below the statutory minimum mandatory of 20 years (240 months). (Crim. Doc 311 at 32). In other words, Mitchell's sentencing exposure was significantly reduced based on his lawyer's negotiations with the government, the government's resulting motions and the undersigned's rulings. Mitchell has failed to overcome the presumption that his counsel rendered effective assistance, and Mitchell cannot show that had he proceeded to trial that he would have obtained a better result.

## B.   Plea Agreement

Mitchell claims that he did not knowingly and voluntarily enter into his plea agreement because of (1) counsel's "misadvise" regarding possible sentencing exposure, and (2) the court's failure to inform Mitchell of the particular offenses and drug quantities[5] that were attributable to him.  (Doc. 1).

First, as discussed above, Mitchell has failed to prove that counsel misadvised him regarding his sentencing exposure.  Further, the record reveals that Mitchell was fully informed of the possible sentence he faced.  Both the Magistrate Judge and the undersigned informed Mitchell that Count One was punishable by a minimum mandatory imprisonment term of 20 years up to life imprisonment and a term of supervised release of at least 10 years.  (Crim. Doc. 210 at 18-19 and Crim. Doc. 311 at 12). The Magistrate Judge also informed Mitchell that "the sentence imposed may be different than any sentence that your attorney has estimated for you.  And if your sentence is more severe than you expect, you will still be bound by your guilty plea and have no right to withdraw from it."  Mitchell stated he understood.  (Crim. Doc. 210 at 16-17).

---

[5] Specifically, Mitchell alleges that the court failed to inform him that he would be vicariously liable for the substantive offenses of his co-conspirators under a Pinkerton liability theory.  Pinkerton v. United States, 328 U.S. 640 (1946).

Second, the record reveals that Mitchell fully acknowledged the factual basis for his plea, which included fifty grams of cocaine base and five kilograms of cocaine attributable to him.  (Crim. Doc. 210 at 33-38).  Mitchell told the Magistrate Judge that he understood the charges against him and the maximum penalties he faced as a possible consequence of his guilty plea and informed the Court that he decided to plead guilty free of threat, coercion, promises or assurances.  (Crim. Doc. 210 at 20, 45-47).  Thus, Mitchell's guilty plea was knowing and voluntary.

Further, at the sentencing hearing, this Court specifically addressed Mitchell's concerns regarding his counsel's performance and the quantity of drugs attributable to him:

**THE COURT:**    [O]bviously, this is a serious sentencing.  All sentencings are serious, but you're potentially facing quite a bit of time here, as you know.

        And I want to make sure that you've had enough time to talk about this, that you feel like you know what you're doing, and that you're ready to go forward today.  I don't really want you doing it just because you want to get out of Dooly or something like that.  So are you telling me that you've had enough time to talk with [your attorney]?

**MITCHELL:**    Yes, sir. My question was like with my -- with the drug equivalency, I didn't feel like my -- I didn't feel like it was -- it was too much for what I did to the conspiracy.  So that was basically what was on my mind.

**THE COURT:**    And did you get those questions answered?

7

**MITCHELL:**      Pretty much.

**THE COURT:**      Well, "pretty much" means . . .

**MITCHELL:**      Yes, sir.

**THE COURT:**      Is there anything else that you would want to do before you -- you're ready to go forward with your sentencing?  Or do you feel like you've done everything that you need to do and that you gotten all your questions answered?

**MITCHELL:**      I feel like I've gotten all my questions answered.

(Crim. Doc. 311 at 4-5)

---------------------------------------------------------------------------

**THE COURT:**      [W]hat I am saying to you is that it's no time -- this is not the time to go into this with doubts in your mind or with thinking one thing and saying another, or thinking your attorney ought to make an objection that he's not.

And if you're not sure about what you're doing and you need more time, then I'd rather have you tell me that now.

If we go ahead today, if you tell me, No, I'm ready to go ahead, I know everything, let's go ahead, then we'll do that, but then whatever sentence you get is your sentence.

And I don't want to hear from you two days from now or a week from now that, Oh, I wish I would have had more time or I didn't understand something.  So which one is it, sir?

Are you comfortable -- I know this is a bad situation.  And no way it's going to be a good situation.  But are you ready to go forward with [your attorney]?  Do you feel like you know everything you need to know?  Do you feel like he's done what he needs to do and you're ready to go forward?

If the answer to that is yes, we'll go forward.  If the answer

8

> is, I'd really rather -- I'd really rather wait, then we'll wait.  Your
> call.
>
> **MITCHELL:**        I'd like to go forward.

(Crim. Doc. 311 at 8-9).  This Court ensured that Mitchell entirely understood the charges against him and the ramifications of proceeding.  The Court repeatedly informed Mitchell of the maximum penalties.  In fact, as revealed by the sentencing transcript, Mitchell was sentenced significantly under the potential 20 year to life range (and within the advisory guidelines range of 121 to 151 months' imprisonment) because of the government's motions and this Court's findings under 18 U.S.C. § 3553(a).  Thus, Mitchell fails to make any showing under Strickland.

### C.    Sixth Amendment Violation

Mitchell contends that the Court violated his Sixth Amendment rights by adjusting his base offense level upward two levels for possession of a firearm during the offense.  (Doc. 1).  Mitchell cites Fed. R. Crim. P. 11(c)(1)(C) for the proposition that because portions of the plea agreement which mention the firearm were stricken, the Court erred in including the firearm possession in his sentencing, and thereby imposed an "exceptional sentence."  (Doc. 1).  First, Mitchell's plea agreement was not the type of agreement contemplated by Rule 11(c)(1)(C).[6]  Second, Mitchell's

---

[6] Rather than agreeing to a specific sentence or sentencing range that binds the Court under Rule 11(c)(1)(C), the Court merely granted the government's substantial assistance motion, which reduced the offense level to 30, and the Court was  advised

firearm possession was proven by a preponderance of the evidence (Crim. Doc. 210 at 38); thus, the Court did not err in including it Mitchell's sentencing.[7]  Third, the two-level enhancement did not result in a sentence that exceeded the statutory maximum (life).  Even assuming this claim is cognizable under § 2255[8], it is meritless because there is no Sixth Amendment violation.  Accordingly, it is hereby **ORDERED**:

Petitioner Jarvis Mitchell's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**.  Mitchell's Motion for Evidentiary Hearing and Transcripts (Doc. 2) is **MOOT**.  The Clerk shall enter a judgment against Mitchell and for government and close the file.

---

by the advisory guidelines of criminal history category III and offense level 30 (121-151 months).

[7] A court is permitted to consider conduct of a defendant so long as it has been proven by a preponderance of the evidence.  United States v. Watts, 519 U.S. 148, 154-56 (1997).

[8] The Eleventh Circuit has noted that "it is somewhat unclear whether [an] argument concerning misapplication of sentencing guideline would be proper grounds for relief under § 2255 because nonconstitutional claims can be raised on collateral review only when the alleged error constitutes a fundamental defect which results in a complete miscarriage of justice."  United States v. Diaz-Clark, 292 F.3d 1310, 1316 n.4 (11th Cir. 2002) (quotations omitted).

**DONE AND ORDERED** at Jacksonville, Florida this 20th day of March, 2007.


TIMOTHY J. CORRIGAN
United States District Judge


a.
Copies:

Jarvis Mitchell
counsel of record